ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil File No. 02-0830 JEL/JGL

IBEW NO. 292 HEALTH CARE PLAN, ELECTRICAL WORKERS LOCAL NO. 292 PENSION FUND, ELECTRICAL WORKERS LOCAL NO. 292 ANNUITY & 401(k) FUND, ELECTRICAL WORKERS NO. 292 VACATION & HOLIDAY FUND, MINNEAPOLIS ELECTRICAL INDUSTRY BOARD/JATC/LMCC,

Plaintiffs,

vs.

T-N-T CABLING, INC.,

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND <u>ORDER FOR DEFAULT JUDGMENT</u>**

This matter was heard before the undersigned on the 16th day of September, 2002. Kathleen M. Brennan of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on April 18, 2002. Defendant was personally served with the Summons and Complaint in this matter on June 6, 2002.

2. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

FILED __________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD __________
DEPUTY CLERK __________

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing electrical work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to the receiving agency designated by the Trustees, located at 5100 Gamble Drive, Suite 430, St. Louis Park, MN 55416.

4. Defendant executed a Letter of Assent, agreeing to be bound by a Collective Bargaining Agreement, the Minnesota Limited Energy Agreement. The Collective Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

5. An employer shall be considered "delinquent" for a particular work month if the required report and full payment for that month are not postmarked on or before the 15th day of the following month.

6. Defendant failed to timely submit report forms or pay contributions for the months of September, 2001 through July, 2002.

7. The Collective Bargaining Agreement provides that liquidated damages are due for all delinquent submissions. Liquidated damages in the amount of $100.00 beginning with the second instance within a twelve month period, are due for those payments received after the 20th day of the month and through the last working day of the month.

8. The Collective Bargaining Agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant has failed to submit its reports and pay the fringe benefit contributions due to Plaintiffs for the months of September, 2001 through July, 2002. The August, 2002 fringe fund report and contributions are due on September 15, 2002.

3. Defendant owes liquidated damages for those months, starting with the month of October, 2001, it has failed to timely submit the fringe fund reports.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Default Judgment is granted.

2. That Defendant is obligated to file reports for September, 2001 through August, 2002, if those have not already been submitted, with the receiving agency located at 5100 Gamble Drive, Suite 430, St. Louis Park, MN 55416, correctly identifying hours worked and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 10 days of service of this Order upon them.

3. That Defendant pay to the Plaintiffs the fringe benefit contributions due for all of the hours reported pursuant to the Court's Order plus liquidated damages as required by the Collective Bargaining Agreement, and Plaintiffs' attorney fees and costs.

4. That upon the filing of the reports for the months of September, 2001 through August, 2002 by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions, liquidated damages, and attorney fees and costs as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and Affidavit on Defendant.

~~LET JUDGMENT BE ENTERED ACCORDINGLY.~~ JEL

Dated: Sept 17, 2002 BY THE COURT

The Honorable Joan Ericksen Lancaster
United States District Court Judge

98676